UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARIELLE TILLMAN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1656** |
| **HAMMOND'S TRANSPORTATION, LLC,**<br>    **Defendant** | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is Defendant Hammond's Transportation, LLC's Motion to Dismiss for Failure to State a Claim.[1]

### BACKGROUND[2]

In the fall of 2014, Plaintiff, a woman, was hired by Defendant Hammond's Transportation, LLC ("Hammond's") as a bus driver.[3] After a year on the job, in the summer of 2015, Hammond's informed her she would be driving for its subcontractor, Safe Turn, LLC ("Safe Turn").[4] For the following two school years, Plaintiff reported to Hammond's field supervisors.[5] Beginning in September 2015, Malcom Wilson began to sexually harass Plaintiff.[6] Although Plaintiff declined his advances, Wilson continued to harass her.[7] On January 17, 2017, Plaintiff was terminated.[8] Plaintiff called Safe Turn's owners, Jeramy and Melvin "Peck" Jackson, to report what happened and also reported the situation to Mark Hammond, the owner of Hammond's, and other Hammond's

---

[1] R. Doc. 6. Plaintiff opposes the motion. R. Doc. 11. On October 16, 2021, the Court ordered Defendant to file a reply. R. Doc. 12. Defendant filed a reply. R. Doc. 13. Plaintiff filed a sur-reply. R. Doc. 16.
[2] The facts provided herein are as alleged in Plaintiff's complaint. R. Doc. 1.
[3] R. Doc. 1 at ¶¶ 6-7.
[4] *Id.* at ¶ 13.
[5] *Id.* at ¶ 14.
[6] *Id.* at ¶ 19. It is unclear on the face of the complaint whether Plaintiff alleges Wilson worked for Hammond's, Safe Turn, or both.
[7] *Id.* at ¶ 21.
[8] *Id.* at ¶ 27.

1

employees, but "no one did anything."[9] On January 20, 2017, Plaintiff filed charges of sex discrimination and retaliation against Hammond's and Safe Turn with the Equal Employment Opportunity Commission ("EEOC").[10] On November 10, 2017, Plaintiff filed suit on her EEOC charges in this Court against Hammond's and Safe Turn (the "2017 Action").[11] On July 9, 2018, after reaching a settlement with the parties, Plaintiff filed a motion to voluntarily dismiss all claims with prejudice.[12] In July 2018, the Court granted the motion.[13]

In December 2018, Plaintiff began driving a school bus for Leadam Transportation, LLC ("Leadam"), which is a subcontractor to Hammond's.[14] At a time around January 20, 2019, Plaintiff was recognized by Mark Hammond at a driver safety meeting.[15] Later that day, Leadam's owner, Adam Lee, received a call from a Hammond's employee telling him to replace Plaintiff immediately.[16] The Hammond's employee explained to Lee that Plaintiff was on a "no rehire status" and that there was a "non-disclosure" preventing Lee from further explanation.[17] Plaintiff was then terminated.[18]

On August 19, 2019, Plaintiff filed an EEOC charge of retaliation against Hammond's.[19] On March 12, 2020, the Equal Employment Opportunity Commission issued Plaintiff a right-to-sue letter.[20] On June 9, 2020, Plaintiff filed this action against

---

[9] *Id.* at 29.
[10] R. Doc. 1 at ¶ 30.
[11] R. Doc. 1 at ¶ 31. *See Tillman v. Hammond's Transp., LLC and Safe Turn Transp., LLC*, Civ. No. 17-cv-12203 (E.D. La.), ECF No. 1 at ¶¶ 30-31.
[12] R. Doc. 1 at 32. *See Tillman v. Hammond's Transp., LLC and Safe Turn Transp., LLC*, Civ. No. 17-cv-12203 (E.D. La. July 9, 2018), ECF No. 6 at 1 ("Plaintiff respectfully requests that the Court dismiss all claims asserted in this case, with prejudice").
[13] R. Doc. 1 at ¶ 32. *See Tillman v. Hammond's Transp., LLC and Safe Turn Transp., LLC*, Civ. No. 17-cv-12203 (E.D. La. July 9, 2018), ECF No. 7.
[14] R. Doc. 1 at ¶ 33.
[15] *Id.* at ¶¶ 35-36.
[16] *Id.* at ¶¶ 37.
[17] *Id.* at ¶ 39.
[18] *Id.* at ¶ 40.
[19] *Id.* at ¶ 41.
[20] *Id.* at ¶ 48. Defendant does not challenge the administrative exhaustion of Plaintiff's Title VII claims.

Hammond's under Title VII of the Civil Rights Act of 1964 (the "2020 Action").[21]

On September 14, 2020, Hammond's filed this 12(b)(6) motion to dismiss on grounds of *res judicata* and for failure to state a claim.[22]

## LEGAL STANDARD

**Failure to State a Claim**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[23] However, "[t]he 12(b)(6) motion is not favored and should rarely be granted."[24] Instead, "resolution on the merits [is] preferred to disposition on the technical grounds of failure to state a claim."[25]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[28] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further

---

[21] R. Doc. 1.
[22] R. Doc. 6.
[23] *Twombly*, 550 U.S. at 555; *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[24] *Airline Car Rental, Inc. v. Shreveport Airport Authority*, 667 F. Supp. 293, 295 (W.D. La. 1986) (citing *Madison v. Purdy*, 410 F.2d 99 (5th Cir.1969)).
[25] *Id.* (citation omitted).
[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[27] *Id.*
[28] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

3

factual enhancement" are not sufficient.[29]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[30] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[31] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[32]

**Res Judicata**

"Federal law determines the res judicata and collateral [estoppel] effect given a prior decision of a federal tribunal, regardless of the bases of the federal court's jurisdiction."[33] "The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion."[34] "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[35]

The party raising the defense of *res judicata* or claim preclusion bears the burden of proving all four elements of res judicata,[36] which include: (1) the parties are identical or in privity; (2) the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and, (4) the same claim or cause of action was involved in both actions.[37]

---

[29] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[30] *Twombly*, 550 U.S. at 555.
[31] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[32] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[33] *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 862 (citing *Stovall v. Price Waterhouse Co.*, 652 F.2d 537 (5th Cir. 1981)).
[34] *Test Masters*, 428 F.3d at 570 (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000)).
[35] *Id.* (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).
[36] *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (citing 18 Wright & Miller § 4405, at 83).
[37] *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004).

With regard to the fourth element, whether the same claim or cause of action was involved in both actions, the Fifth Circuit uses the transactional test.[38] "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose."[39] "What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[40] "If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred."[41] The critical issue is whether the two actions are based on the "same nucleus of operative facts."[42] Further, under the transactional test "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts."[43] "Operative facts" differ from "factual similarities"; although factual similarities are "potentially relevant for purposes of collateral estoppel, [they] are not relevant to res judicata."[44]

## LAW AND ANALYSIS

### I.    Plaintiff's claims are not barred by *res judicata*.

Defendant argues Plaintiff's claims are barred by the doctrine of *res judicata* because Plaintiff sued Hammond's in the 2017 Action and later entered a voluntary

---

[38] *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).
[39] *Test Masters*, 428 F.3d at 571 (citing *Petro-Hunt*, 365 F.3d at 395-96).
[40] *Id.* (citing *Petro-Hunt*, 365 F.3d at 396).
[41] *Id.* (citing *New York Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000)).
[42] *Id.* (quoting *Gillispie*, 203 F.3d at 387; citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004)).
[43] *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994).
[44] *Test Masters*, 428 F. 3d at 572 (quoting *Petro–Hunt*, 365 F.3d at 396).

dismissal of all claims.[45] In its motion to dismiss, Defendant argues the 2020 Action "is based upon the same operative facts as the first suit [the 2017 Action] that was dismissed."[46] In its reply memorandum, Defendant further argues Plaintiff's "joint employer" allegation was advanced in the 2017 Action and dismissed by this Court.[47] According to Defendant, "[t]he joint employer allegations [in the 2017 Action] lacked merit. Those allegations, along with the remainder of Tillman's suit, were dismissed with prejudice."[48] Defendant's arguments on the motion to dismiss now before the Court appear to be twofold: (1) Plaintiff is attempting to bring the claims dismissed with prejudice in the 2017 Action; and (2) Plaintiff is attempting to relitigate the "joint employer" issue. Defendant appears to argue both *res judicata* and collateral estoppel bar Plaintiff's claims.

Plaintiff persuasively argues both theories are inapplicable. Plaintiff argues *res judicata* is inapplicable because the 2020 Action is for retaliation that arose as a result of her filing the 2017 Action against Hammond's and does not duplicate any claims she pursued in that 2017 Action.[49] Plaintiff argues "the Defendant's retaliatory actions to interfere with Plaintiff's employment in January 2019 were not issues that were or could have been raised in that [2017 A]ction which concluded by July 2018;"[50] the current action "isn't seeking to remedy the same wrong" as the 2017 Action;[51] and there was no final judgment on the merits when the 2017 Action was dismissed.[52] Plaintiff argues that, if the

---

[45] R. Doc. 6-2 at 5-7. Defendant relies on Louisiana's theory of *res judicata* but federal courts apply federal law to determine the effect of a prior judgment. The Court will consider Defendant's motion under federal jurisprudence on *res judicata*.
[46] R. Doc. 6-2 at 7.
[47] R. Doc. 13 at 3.
[48] *Id.*
[49] R. Doc. 11 at 1.
[50] *Id.* at 2.
[51] *Id.*
[52] *Id.*

6

Court were to accept Defendant's arguments, "a former employer would be free to continue retaliating against a former employee who dared to seek a legal remedy for the employer's first wrong because any future retaliatory conduct would be barred by the conclusion for the first case."[53] In her sur-reply, Plaintiff argues that Hammond's was her joint employer with Safe Turn, at the time of the 2017 Action, and with Leadam, at the time of the 2020 Action.[54] Plaintiff argues her claim is not barred by collateral estoppel (also called issue preclusion). The Supreme Court has distinguished the effects of *res judicata* and those of collateral estoppel: "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."[55] For collateral estoppel to apply, the precise issue involved must have been actually litigated in the previous forum.[56]

The precise issue Defendant claims already has been litigated is whether Hammond's was a joint employer with Safe Turn. In *Mosely v. United States*, the U.S. Bureau of Land Management ("BLM") cancelled an oil and gas lease it held with a landowner.[57] The landowner sued arguing the cancellation was administratively arbitrary and capricious. Then, "prior to any judicial resolution of the issues, both [the landowner] and [BLM] voluntarily stipulated to dismissal of that action with prejudice."[58] Thereafter, the landowner brought suit against BLM again, but this time for breach of contract and unconstitutional takings. The court in the second action denied BLM's motion to dismiss

---

[53] *Id.*
[54] R. Doc. 16 at 2.
[55] *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted).
[56] *Mosely v. United States*, 15 Cl.Ct. 193 (Ct. Cl. July 27, 1988).
[57] *Id.*
[58] *Id.* at 193-94.

7

and rejected BLM's issue preclusion arguments. The court explained that "collateral estoppel only applies when the precise issue involved in the present action was 'actually litigated' in the previous forum."[59] The court further explained that "because the prior judgment was a voluntary dismissal of [the landowner's] action without any express findings of law or fact by the district court, none of the issues there were 'actually litigated;' the fact that the dismissal was with prejudice is irrelevant."[60] Similar to the original action in *Mosely*, the issue of whether Hammond's and Safe Turn were joint employers was not actually litigated in the 2017 Action. Instead, no responsive pleadings were filed and the 2017 Action was terminated by a voluntary dismissal with prejudice of all claims against all defendants.

Defendant also claims Plaintiff's claim is precluded under the theory of *res judicata*. The differences between claim preclusion under *res judicata* and issue preclusion under collateral estoppel have been a source of confusion for generations of attorneys. Questions about the preclusive effects of voluntary dismissals have compounded the quandary. Judge Alvin Rubin confronted the issue in *Kaspar Wire Works, Inc. v. LECO Eng'g*.[61] In that case, the Fifth Circuit affirmed a lower court's holding that a consent judgment dismissing a prior suit "did not bar or estop the defendants from contesting" certain issues from the prior suit when such preclusion was unintended.[62] Judge Rubin explained that a consent decree "is not identical in effect to the conclusion reached by a judge after a trial."[63] While claim preclusion (or *res judicata*) precludes relitigation of a matter in its entirety so as to avoid litigation of *any* issue, "different rules" will apply to issue preclusion.[64] If the parties

---

[59] *Id.* at 195.
[60] *Id.* at 196.
[61] *Kaspar Wire Works, Inc. v. LECO Eng'g and Machine Inc.*, 575 F.2d 530 (5th Cir. 1978).
[62] *Id.* at 532-33
[63] *Id.* at 538.
[64] *Id.* at 539.

8

desire a consent decree be conclusive with respect to particular issues, they must enter an agreement manifesting that intention.[65] Judge Rubin further explained:

> Whatever type of repose is sought to be invoked as a result of a judicial consent decree, a court should take into account the fact that it was rendered by consent and determine its impact by the issues actually intended to be precluded by the parties.
>
> The importance of the intention of the parties is stressed by Moore's treatise which expresses the view that, although consent judgments are "res judicata as to the causes of action adjudged," they "should not be given conclusive effect under the doctrine of collateral estoppel" although they "may in some instances, by virtue of the parties' intent, be given conclusive effect as to the issues involved."
>
> . . .
>
> This accords with the view of a number of legal scholars, who treat the question of the extent, if any, of the finality created by a consent decree to be one of the intention of the parties. If they have in their compromise indicated clearly the intention that the decree to be entered shall not only terminate the litigation of claims but, also, determine finally certain issues, then their intention should be effectuated.[66]

The Rule 41(a)(2) dismissal with prejudice of the claims in the 2017 Action was the result of a one-page, voluntary motion to dismiss, unaccompanied by a settlement agreement or other documents. The Court is aware of no agreement between the parties expressing their intent that the voluntary dismissal be conclusive with respect to the issue of the joint employer status of Hammond's. For the Court to consider the voluntary dismissal of the 2017 Action as *res judicata* with respect to the joint employer status of Hammond's would require a clear expression of the parties' intent. Lacking that evidence of the parties' intent, the Court will not apply the doctrine of *res judicata* in this case.

## II.   Plaintiff has stated a Title VII claim for relief.

Plaintiff alleges her 2019 termination was unlawful retaliation for her filing the 2017 Action against Hammond's.[67] Title VII prohibits an employer from taking adverse

---

[65] *Id.* (quoting Restatement (Second) of Judgments, § 68 cmt. e (Tent. Draft No. 1, 1973))
[66] *Id.* (quoting 1B Moore's Federal Practice 443(3), p. 3909).
[67] R. Doc. 1 at ¶¶ 44, 46-47.

9

employment action against an employee because she engages in a protected activity.[68] To establish a prima facie case of retaliation, a plaintiff must show that: (1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action.[69]

Defendant argues Plaintiff has not stated a Title VII claim for relief because she has not alleged Hammond's is her employer. Defendant also argues Plaintiff has failed to plead facts under which Hammond's could be held liable for the actions of Leadam.[70]

Plaintiff alleges Hammond's is her former employer. In *Robinson v. Shell Oil Co.*, the Supreme Court held that a former employee could, in some circumstances, sue his former employer for post-termination retaliation under Title VII.[71] The Supreme Court explained it would be "destructive of [Title VII's] purpose of the antiretaliation provision for an employer to be able to retaliate against an entire class of acts under Title VII—for example, complaints regarding discriminatory termination."[72] In this action, Plaintiff argues *Robinson* renders it unnecessary to prove the joint employer issue because she instead may sustain her claim against Hammond's as a former employer.

Plaintiff also has alleged Hammond's is her joint employer with Leadam. Courts have held that "superficially distinct entities may be exposed to liability upon a finding

---

[68] *Joseph v. Phillips*, 2014 WL 5429455 at *3 (E.D. La. Oct. 24, 2014).
[69] *Feist v. La. Dep't of Justice*, 730 F.3d 450, 454 (5th Cir. 2013) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007)). The *McDonnell Douglas* framework is not appropriate on a motion to dismiss because it is "an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (explaining that plaintiffs do not need to show each prong of a prima facie case at the pleading stage, but they must yet plead sufficient facts on all of the ultimate elements to make their case plausible).
[70] R. Doc. 6-2 at 8. Defendant also argues it has no liability for the actions of Leadam. R. Doc. 6-2 at 8. Plaintiff is suing Hammond's as her former employer and her joint employer, both at the time of the 2017 and the 2020 Action. Plaintiff does not seek to hold Hammond's liable for the actions of Leadam.
[71] *Robinson v. Shell Oil Co.*, 519 U.S. 337, 339 (1997)
[72] *Id.* at 849.

they represent a single, integrated enterprise" as a single, joint employer under Title VII.[73] In her complaint, Plaintiff alleges she "completed all the background check paperwork, and everything was submitted to Hammond's Transportation,"[74] and she attended a "driver safety meeting" hosted by Hammond's.[75] She alleges "since Hammond's controls the flow of work to his company under its contract with the Orleans Parish School Board, Mr. Lee complied with Hammond's instructions [to terminate Plaintiff]."[76]

Plaintiff has alleged she participated in a protected activity by filing the 2017 Action against Hammond's and that Hammond's, either as her former employer or her joint employer, took an adverse employment action against her. Plaintiff has alleged a causal connection exists between the protected activity and the adverse action. At this stage of the proceedings, Plaintiff need only plausibly allege facts going to the ultimate elements of her claim to survive a motion to dismiss.

## CONCLUSION

**IT IS ORDERED** that the Defendant's Rule 12(b)(6) motion to dismiss is **DENIED**.

New Orleans, Louisiana, this 3rd day of May, 2021.

                                              **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[73] *Perry v. VHS San Antonio Partners, LLC*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Schweitzer v. Advenaced Telemarketing Corp.*, 104 F.3d 761, 763 (5th Cir. 1997)).
[74] *Id.* at ¶ 34.
[75] *Id.* at ¶ 35.
[76] *Id.* at ¶ 40.